*Combs & Shy* for plaintiffs; *Robinson & Johnson* for defendants.

---

# McGuire *et al.* vs the Justices of Owsley County.

## Appeal from the Owsley County Court.

### Collectors of County Levies. Motions. Evidence.

Judge Simpson delivered the opinion of the Court.

This is an appeal from a judgment of the Owsley County Court, rendered against the appellants, as the securities of the Sheriff of Owsley, on his bond as collector.

It is contended on behalf of the appellants, that the bond should have been executed to the Justices of the County Court, under the act of 1797, (2 *Stat. Law,* 1115,) and that having been executed to the Commonwealth of Kentucky, it is unauthorized and void.

It was decided by this Court, in the case of the *Justices of Grant County* vs *Bartlett, &c.,* (5 *B. Monroe,* 196,) that a bond executed to the Commonwealth by a collector, is a good and valid bond, under the act of 1810, (2 *Stat. Law,* 1250,) which requires bonds of a certain description to be executed to the Commonwealth. It is argued, however, that the Court was mistaken in relation to the provisions of the statute, and that they only apply

to that class of cases in which the bonds had been previously made payable to the Governor. It is true that the language of the first section of that act is, "that all bonds of a kind heretofore made payable to the Commonwealth or to the Governor, shall hereafter be made payable to the Commonwealth of Kentucky," and if no other bonds were embraced by any of its provisions but those already enumerated, it might well be doubted whether it would apply to the bond of a collector. But the 8th section of the act declares "that the bonds of guardians, of executors, and of administrators, and *others*, who by law are required to execute a bond to the County Court Justices, shall be made payable to the Commonwealth of Kentucky, instead of the Justices." So that it is evident it embraces in its provisions all those bonds which before its passage were made payable to the Justices of the County Court.

It is contended, however, that if the bond in this case is properly executed to the Commonwealth, that then the motion is improperly made in the name of the Justices of the County Court.

The act of 1797, which has been already referred to, authorizes the proceeding to be carried on in their names, and the act of 1793, (1 *Stat. Law*, 503,) gives the same authority, as was decided in the case of *Carter, &c.* vs *Justices Carter County Court*, (3 *B. Monroe*, 334.) The act of 1810, which authorizes a suit to be brought in the name of the Commonwealth, does not conflict with, and therefore does not repeal the provisions of the statutes of 1793 and 1797, on this subject. The right to make a motion in the County Court, under the last mentioned statutes, still exists, though the right to sue upon the bond is also given by the act of 1810.

Motions upon the bonds of collectors of county levies, is properly made in the name of the justices of the County Court, (1 *Stat. Law*, 503; 2 *Ibid*, 1115,) and the statute of 1810, authorizing a suit on the bond does not take away the remedy by motion.

It is objected to the order made upon the trial, that it does not show there was a full Court when the levy was laid, and therefore it does not appear that the levies placed in the hands of the collector were legal, and such as he had power to collect, and consequently his securities are not liable in this motion.

It is necessary, under the law, that a majority of all the Justices in commission shall be present, when a County

Nothing appearing to the contrary, this Court

McGuire *et al.*
*vs*
Justices Owsley
County.

will presume
that a County
Court was composed of a majority of the Justices of the county
ty when at evy
was laid.

Court proceeds to lay the levy, and make appropriations; and a levy made by less than a majority, is unauthorized and void. But the County Court having general jurisdiction on this subject, and the order exhibited not showing how, or in what manner the Court was constituted, the presumption must be indulged in support of its action, that it was competent at the time, to make the order, being composed of as many members as were necessary to legalize its proceedings. The order itself not proving any thing upon this point, a presumption must exist, either that a Court not organized as the law requires, proceeded to act illegally and without authority, or that knowing the extent of its jurisdiction, and what was necessary to enable it to act legally on this subject, it was organized with a view to the exercise of this power at the time the order was made. The latter presumption is the only one that can be indulged, particularly when it does not appear that the authority of the collector was ever questioned on this ground, although he had received the levies for collection, and made a settlement with the County Court at the end of the year.

County Courts
are authorized to
lay a levy sufficiently large to
cover claims against the county, such as may
accrue on account of public
buildings, &c.,
and to cover deficiencies arising from levies
of preceding
years.

Another question is raised, as to the legality of the levy. It is contended, that by an act of 1810, (2 *Stat. Law*, 1119,) the County Courts are prohibited from raising by a county levy, a larger sum than is necessary to pay the claims against the county, and leave a reasonable overplus for probable delinquents, and as the order in this case shows a much larger amount than these purposes required, the Court in making it, exceeded its authority. This objection is founded on a misconception of the statutes on this subject. The County Courts are authorized to lay a levy sufficient to cover claims against the county then due, and also to raise a fund sufficient to liquidate and discharge claims that may accrue on account of engagements for public buildings, or which have arisen from the deficiency of the levy of the preceding years to meet the claims of those years, and for many other purposes. And, notwithstanding the credit given the collector for county claims, is but a small portion of the levy in his hands, yet the other legal claims against the coun-

ty, may require the application of the whole residue of the fund to their discharge.

There is nothing in the objection made to the time when the levies were placed in the hands of the collector. The law now requires the levies to be collected in the same year that the lists are taken, so that the lists have to be returned by the commissioners before any collection can be made, and the previous laws regulating this matter have at this time no application.

The settlement made by the County Court with the collector, is competent evidence on a motion against the securities, as was decided in the case of the *Justices of Grant County* vs *Bartlett, et al.*, (5 *B. Monroe*, 195.) But the County Court is only authorized by law, to give judgment against the securities for the sum that may appear due from the collector. In this case, the data furnished by the settlement itself, proves that there is not as much due from the collector as the Court has rendered judgment for against the securities.

In the settlement the collector is allowed only six per cent. commission on the residue in his hands, after deducting the county claims paid by him, when the law allows him seven and one half per cent. commission on all that he may collect. This error is apparent on the face of the settlement, and although the judgment of the Court does not exceed the amount of the balance due as shown by the settlement, yet it exceeds the sum actually due, as the settlement itself proves, by the evidence which it contains. It was, therefore, erroneous for the Court to render judgment for a greater amount than was due, after deducting the allowance which the collector was entitled to for collecting.

For this error the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.

*B. Y. Owsley and Noland* for appellants; *Barnes* for appellees.

---

McGUIRE *et al.*
*vs*
JUSTICES OWSLEY COUNTY.

Settlements made with a county collector are competent evidence against his sureties, (3 *B. Mon.*, 195.)

Collectors of levies are allowed by law 7 1-2 per cent. on the monies collected.